On Rehearing
McCLENDON, J.,
on rehearing.
| TWe granted rehearing in this matter to consider the application for rehearing filed *807 by the Louisiana Patient’s Compensation Fund Oversight Board and to reconsider our original opinion, in which we vacated the trial court judgment in favor of the plaintiff, Ruby Lane, and remanded the matter for further proceedings consistent with our opinion. After careful reconsideration, we are unable to distinguish this court’s decision in Bosarge v. Louisiana Patient’s Compensation Fund, 06-1354 (La.App. 1 Cir. 5/4/2007), 960 So.2d 1068, and, thus, affirm our original opinion.
GAIDRY, J., concurs and assigns reasons.
McDONALD, J., dissents for the reasons assigned in the original opinion.
GAIDRY, J., concurs and assigns reasons.
|TI believe that Bosarge v. Louisiana Patient’s Compensation Fund, 06-1354 (La.App. 1 Cir. 5/4/07), 960 So.2d 1068, is distinguishable from the instant case. Bo-sarge involved a petition for judicial review, which we considered as a suit for declaratory judgment because the plaintiffs sought a declaration that their complaint be deemed filed on a certain date. Because La. C.C.P. art. 1880 requires that “[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration” and the defendant health care provider was not made a party to the proceeding by Bosarge, we vacated the judgment and remanded the matter so that the defendant health care provider could be made a party.
In the instant case, Ruby Lane’s rule to show cause did not seek a declaration by the court. Instead, Lane sought to have the court order the PCF to “accept Ruby Lane as an indigent and/or to acknowledge that it cashed plaintiffs $100.00 check and then refunded it,” and to “continue Ruby Lane’s claim against Baton Rouge General Medical Center through the medical review panel process.” Because this is not a suit for declaratory judgment, I fail to see the necessity to remand the matter so that the 12defendant health care provider can be made a party. Although I would prefer to reach the merits on the appeal, I see no harm in the remand. For that reason, I concur.